IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| APEX SYSTEMS, INC., | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 5:12-mc-00029-UA |
| CC INTELLIGENT SOLUTIONS, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER IN AID OF EXECUTION

THIS CAUSE came on for consideration before the undersigned Judge presiding in the United States District Court for the Eastern District of North Carolina for an order in furtherance of the Writ of Execution issued in this cause. Appearing upon the verified Motion of Plaintiff's counsel that a Writ of Execution was issued by the United States District Clerk of Court and that said Execution remains outstanding, the Court finds as follows:

Judgment was entered by the United States District Court for the Eastern District of Virginia; said Judgment was properly docketed with the United States District Court for the Eastern District of North Carolina; the balance due on the Judgment is in the principal amount of $ 119,746.73, plus total interest in the amount of $ 7,352.28 as of December 9, 2011, accruing thereafter at the per diem rate of $ 40.58 until paid in full, reasonable attorneys' fees in the amount of $ 9,583.00, and the costs of this action in the amount of $ 350.00.

Pursuant to the above paragraph and the Writ of Execution issued herein, the payoff amount of this Judgment as of August 28, 2012 is $ 146,771.53, with interest accruing at the per diem rate of $ 40.58 from and after August 28, 2012, until paid in full.

Based upon the above findings of fact, the Court concludes as a matter of law that the property of **Defendant CC Intelligent Solutions, Inc., the Judgment Debtor herein**, is subject to levy upon execution pursuant, *inter alia*, to Federal Civil Procedure Rule 69 and North Carolina General Statutes § 1-359, 1-360 and 1-362, and the Court further concludes that the Plaintiff is entitled to an order forbidding Branch Banking and Trust Company ("BB&T") to transfer or dispose of property and/or funds due and owing to the Judgment Debtor, **up to the amount owing on the Judgment**, on the aforesaid execution.

IT IS, THEREFORE, **ORDERED** as follows:

1. BB&T is directed to cooperate with the levy under execution in this cause and is forbidden to transfer or dispose of any such funds and/or property due to **the Judgment Debtor herein**, except for application to the execution issued in this case, to the extent that this balance does not exceed the balance due on said execution including principal, interest, attorneys' fees, and court costs;

2. BB&T is directed to cooperate with the levy under execution in this cause and to provide information to Plaintiff's attorney of record, Laura D. Windsor, Troutman Sanders LLP, P. O. 1122, Richmond, Virginia 23218-1122, concerning any or all assets held for the benefit of the Judgment Debtor;

3. **In the event any account is co-owned by any person <u>other than the Judgment Debtor herein</u>, said financial institution shall immediately notify Plaintiff's attorney of this fact prior to freezing said account, and Plaintiff shall obtain a separate order from this Court to freeze such account and calendar this matter for a hearing;** and

4.  With the exception of any account as described in Paragraph 3 herein, said institution is directed to freeze immediately any and all accounts owned by the Judgment Debtor at such institution, **including any subsequent deposits into any said account(s) after receipt of this Order until time of disbursement**; and to notify Plaintiff's attorney of any such accounts and the amount(s) therein; and to deliver immediately to Apex Systems, Inc. or its attorney Troutman Sanders LLP, c/o Laura D. Windsor, for the benefit of Apex Systems, Inc., any and all monies on hand therein, including certificates of deposit or other.

This the 5th day of November, 2012.

_____
United States District Court Judge